FILED
U.S. DISTRICT COURT
BRUNS. DIV.
2013 FEB 26 P 2: 3[..]

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JACK RAY WALLACE, )
)
    Petitioner, )
)
v. ) CIVIL ACTION NO.: CV512-135
)
AHMED HOLT, Warden, )
)
    Respondent. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jack Wallace ("Wallace"), who is currently incarcerated at Central State Prison in Macon, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his conviction obtained in the Ware County Superior Court. Respondent filed an Answer-Response and a Motion to Dismiss. Wallace filed a Response.[1] For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Wallace was convicted, after a jury trial, of one count of murder and sentenced to life imprisonment in September 1992.[2] On May 26, 1995, Wallace was granted leave to file an out-of-time direct appeal in which he claimed, *inter*

---

[1] Wallace's pleading is not responsive to the Motion to Dismiss. However, this pleading was filed after Respondent filed his Motion to Dismiss.

[2] Wallace was indicted, along with his attorney Michael Glean, Fredrick S. Speas, and Jeremiah Lee, for the murder of Wallace's wife, Kimberly Wallace. Wallace was jointly tried with Speas and Lee. Glean was tried separately and convicted of murder in May 1992. Glean v. State, 268 Ga. 260, 486 S.E. 2d 172 (1997).

*alia*, that he received ineffective assistance of counsel at trial. The Georgia Supreme Court affirmed his conviction and sentence on May 30, 2000. Wallace v. State, 272 Ga. 501, 530 S.E. 2d 721 (2000). Wallace's motion for reconsideration was denied on June 29, 2000.

Wallace filed a state habeas corpus petition in Baldwin County on December 4, 2003, challenging his 1992 conviction. The state habeas corpus court conducted an evidentiary hearing and denied Wallace's requested relief on June 23, 2005. The Georgia Supreme Court denied Wallace's application for a certificate of probable cause to appeal on September 18, 2006.

Wallace then filed a petition for writ of habeas corpus in this Court on October 18, 2006. (Case No. CV506-89). In that petition, Wallace contended that he was actually innocent of the offense for which he was convicted. The undersigned determined that Wallace's actual innocence claim should fail and that Wallace's petition should be dismissed as untimely filed. The Honorable William T. Moore, Jr., adopted these recommendations as the opinion of the Court and dismissed Wallace's petition. (CV506-89, Doc. Nos. 14, 29).

In this petition, which was filed on November 6, 2012, Wallace asserts that his conviction is void because the jury was not empaneled properly. Wallace also asserts that his right to due process was violated as a result. Wallace also asserts that his trial and appellate counsel provided ineffective assistance.

Respondent contends Wallace's petition should be dismissed as being untimely filed. Respondent also contends that Wallace's petition should be dismissed as being a second or successive petition.

## DISCUSSION AND CITATION TO AUTHORITY

A prisoner must file a petition for writ of habeas corpus in federal court within one (1) year. 28 U.S.C. § 2244(d)(1). This statute of limitations period shall run from the latest of four possible dates:

> The limitation period shall run from the latest of—
>
> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Wallace's conviction became final at the time of his completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Wallace was sentenced in the Ware County Superior Court in September 1992.

AO 72A
(Rev. 8/82)

Wallace was granted leave to file an out-of-time appeal, which the Georgia Supreme Court denied on May 30, 2000. The Georgia Supreme Court denied Wallace's motion for reconsideration on June 29, 2000. He then had 90 days in which to seek certiorari to the United States Supreme Court pursuant to Rule 13 of the Rules of the United States Supreme Court. Wallace did not apply for certiorari in the United States Supreme Court, and thus, his conviction became final on or about September 27, 2000, the date on which his time for filing a certiorari petition expired. Wallace had one year from that date in which to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1).

However, the applicable statute of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Taylor v. Williams, 528 F.3d 847, 849 (11th Cir. 2008). "[A]n application is pending as long as the ordinary state collateral review process is in continuance– i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219-20 (2002) (internal citations omitted). A petitioner should be mindful that "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to section 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291,

4

1294 (11th Cir. 2008) (a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired).

Wallace's conviction became final on September 27, 2000, and he filed his application for writ of habeas court in the Baldwin County Superior Court on December 4, 2003. By that time, the statute of limitations period applicable to section 2254 petitions had expired by more than two (2) years. Wallace did not file this petition until November 6, 2012, and this petition was filed more than eleven (11) years too late.

Having determined that statutory tolling is not available to Wallace, the Court must now decide whether he is entitled to equitable tolling of the statute of limitations. A petitioner seeking equitable tolling must establish "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" which prevented him from timely filing his § 2254 petition. Lawrence v. Florida, 549 U.S. 327, 335 (2007) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is "an extraordinary remedy that must be applied sparingly[,]" and a petitioner must present a "truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008), *overruled on other grounds by* Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549 (June 14, 2010). "'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.'" Id. (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)).

AO 72A
(Rev. 8/82)

Wallace has not shown that he is entitled to equitable tolling of the one-year statute of limitations period applicable to section 2254 petitions. In fact, Wallace offers no valid explanation for his untimely filing. As noted above, Wallace's conviction became final on September 27, 2000, and he did not file his section 2254 within one year of that time.

It is unnecessary to address the alternative ground of Respondent's Motion.[3]

---

[3] If the undersigned were to consider Respondent's assertion that Wallace's petition is successive, Respondent's Motion should be granted on that ground, as well. Before a second or successive application is filed in a district court, the applicant "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (emphasis supplied). This "gatekeeping" requirement transfers a second or successive application from the district court to the court of appeals, pursuant to 28 U.S.C. §1631, as a motion for authorization to proceed in district court. See Felker v. Turpin, 518 U.S. 651, 664 (1996). "If applicable, section 1631 authorizes a transfer that is in the interest of justice." Guenther v. Holt, 173 F.3d 1328, 1330-31 (11th Cir. 1999). However, a transfer may not be authorized in certain instances, as set forth in 28 U.S.C. § 2244(b). This section provides:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application *shall* be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application *shall* be dismissed, *unless*–
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(emphases added).

Wallace has failed to move the Eleventh Circuit Court of Appeals for an order authorizing this Court to entertain his second or successive petition. While it would be permissible for this Court to transfer this petition to the Court of Appeals, it is not in this case. Wallace's petition is barred under the gatekeeping provision of section 2244(b)(3)(A). The claims for relief in this action, which Wallace failed to raise in his prior application, would be dismissed. 28 U.S.C. § 2244(b)(2).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Wallace's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**, with prejudice, as it was not timely filed.

**SO REPORTED** and **RECOMMENDED**, this 26th day of February, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)