FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 APR -8  A 8: 52

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| JACK RAY WALLACE, | ) |
| Petitioner, | ) |
| v. | ) CIVIL ACTION NO.: CV512-135 |
| AHMED HOLT, Warden, | ) |
| Respondent. | ) |

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections were filed. In his Objections, Petitioner Jack Wallace ("Wallace") contends that his motion for appointment of counsel should have been granted. To the extent this is an appeal of the Magistrate Judge's Order denying Wallace's motion for appointment of counsel, Wallace's appeal is **denied**. The Magistrate Judge's Order, (Doc. No. 12), is neither clearly erroneous nor contrary to law. FED. R. CIV. P. 72(a). In addition, Wallace's appeal of the Magistrate Judge's Order is untimely. Id.

Wallace seemingly asserts that his current 28 U.S.C. § 2254 petition was timely filed based on a Georgia case decided in 2010. Even if Wallace's assertion were to set a new trigger date for statute of limitations purposes, his petition, which was filed on

November 6, 2012, would be untimely.[1] No matter what triggering date is used, Wallace's petition would have to have been filed no later than December 31, 2011, to be considered timely based on his application of a 2010 Georgia case, assuming that this case is even applicable to Wallace.

Wallace also objects to the Magistrate Judge's footnote regarding second or successive petitions. Wallace is advised that, in order to file a second or successive petition in this Court (or any other district court), he would have to seek permission from the Eleventh Circuit Court of Appeals to do so. It is only after the Eleventh Circuit grants a petitioner's motion to file a second or successive petition in district court that this Court could consider the merits of Wallace's petition.

Wallace's Objections are **overruled**. The Magistrate Judge's Report and Recommendation, as supplemented herein, is adopted as the opinion of the Court. Respondent's Motion to Dismiss is **GRANTED**. Wallace's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, is **DISMISSED**, with prejudice, as it was not

---

[1] The limitation period applicable to section 2254 petitions shall run from the latest of—

  (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;

  (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

filed timely. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 5 day of April, 2013.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA